IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BUGGS, | No. C 19-0973 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; DIRECTING PETITIONER TO PAY FILING FEE** |
| v. | |
| ROBERT NEUSCHMID, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging his state court conviction. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

Petitioner's prison trust account documents demonstrate he has sufficient funds to pay the $5.00 filing fee. Leave to proceed in forma pauperis is, therefore, **DENIED**. Petitioner must pay the $5.00 filing fee on or before **May 23, 2019,** or the case will be dismissed.

## STATEMENT

In 2015, petitioner was convicted in Alameda County Superior Court of murder. He was sentenced to a term of 82 years to life in state prison. His appeal to the California Court of Appeals was denied. The California Supreme Court denied his petition for review. Thereafter, petitioner filed the instant federal petition.

## ANALYSIS

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.  LEGAL CLAIMS**

Petitioner claims that (1) the state failed to preserve material evidence; (2) evidence from an unduly suggestive identification procedure was used against him; (3) the trial court issued erroneous jury instructions; (4) the trial court admitted prejudicial evidence of other crimes; (5) the cumulative effect of the foregoing errors was prejudicial and rendered the trial unfair; and (6) he is entitled to re-sentencing under California Senate Bill 620. Federal habeas relief is not available on the final claim because it is base on state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011) (federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law). The other claims, when liberally construed, are cognizable and warrant a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

1 granted based on the claim found cognizable herein.  Respondent shall file with the answer and
2 serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are
3 relevant to a determination of the issues presented by the petition.

4 If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
5 court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

6 3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural
7 grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the
8 Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file
9 with the court and serve on respondent an opposition or statement of non-opposition within
10 **twenty-eight days** of the date the motion is filed, and respondent shall file with the court and
11 serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

12 4. Petitioner is reminded that all communications with the court must be served on
13 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must
14 keep the court informed of any change of address and must comply with the court's orders in a
15 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
16 pursuant to Federal Rule of Civil Procedure 41(b).

17 5. Leave to proceed in forma pauperis is **DENIED**.  Petitioner must pay the $5.00 filing
18 fee on or before **May 23, 2019,** or the case will be dismissed.

19 **IT IS SO ORDERED.**

20 Dated: April  25 , 2019.

21 WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3